UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN DEMYANOVICH, an individual,

       Plaintiff,

vs

CADON PLATING AND COATINGS. L.L.C.,
a Michigan limited liability company,
3715 11TH STREET CORP., a Michigan corporation
doing business as CADON PLATING COMPANY,
AL ENSIGN, an individual,

       Defendants.

Case No:
Honorable
Magistrate

DILLON & DILLON, P.L.C.
Paul J. Dillon (P46913)
Attorney for Plaintiffs
9429 S. Main Street
Plymouth, MI  48170
(734) 455-9000

## COMPLAINT

    Plaintiff, ALAN DEMYANOVICH by and through his attorneys, DILLON & DILLON, P.L.C., hereby makes the following Complaint:

## JURISDICTION

1.    Plaintiff, ALAN DEMYANOVICH (hereinafter "DEMYANOVICH"), was, at all times relevant hereto, an individual residing in the County of Wayne, State of Michigan.

2.    Defendant, CADON PLATING AND COATINGS. L.L.C. (hereinafter "CPC"), is a Michigan limited liability company, doing business at 3715 11th Street, in the City of Wyandotte, in the County of Wayne, in the State of Michigan.

3.    Defendant, 3715 11TH STREET CORP. (hereinafter individually referred to as "3715 11th Street", and along with CPC, collectively referred to as "CADON" or "EMPLOYER"), is a

Michigan corporation doing business as CADON PLATING COMPANY, in the City of Wyandotte, in the County of Wayne, in the State of Michigan.

4.  Defendant, AL ENSIGN (hereinafter "ENSIGN") is an individual employed by Defendant CADON is a supervisory capacity, and at all times relevant hereto, had supervisory authority over Plaintiff, including the authority to transfer, demote and/or otherwise discipline Plaintiff and was responsible for Defendant CADON''s human resources policies including those arising under the Family and Medical Leave Act of 1993, 29 USC 2601 et seq., ("FMLA"), the Americans with Disabilities Act, 42 USC 12101, et seq., ("ADA"), the Michigan Persons with Disabilities Act, MCL 37.1101, et seq., ("PWDCRA").

5.  The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs.

6.  This Court has jurisdiction of the federal claims asserted herein pursuant to 42 USC 12117, 29 USC 2617(a)(2), and 28 USC 1331, 1334.  This Court has supplemental jurisdiction over the claims arising under the law of the State of Michigan pursuant to 28 USC 1367 and the principles of pendent jurisdiction.

7.  The unlawful employment practices complained of in this complaint occurred, and the employment records relevant to this matter are maintained and administered, within the Eastern District of Michigan, and venue is proper within this District and Division pursuant to 28 U.S.C. §1391(a).

## GENERAL ALLEGATIONS

8.  Plaintiff began working for Defendant CADON as a machine operator on November 4, 1989 and has continued to be so employed until his discharge as complained of herein.

9. After approximately 10 years of employment with Defendant CADON, Plaintiff was diagnosed with dilated cardiomyopathy.

10. Since that time, Plaintiff has, at various times, been provided various work limitations by his treating physicians; e.g. to work no more than 40 hours, or to refrain from lifting in excess of certain weight.

11. In addition, from time to time over the past 10 years, Plaintiff has requested, and on certain occasions, has been granted, leave under the FMLA in relation to his need for treatment of this, and other conditions, as well as for other reasons.

12. On certain occasions, Plaintiff was wrongfully denied FMLA leave and was required to work despite valid medical reasons that he should not be working.

13. In addition to the periodic wrongful denials of FMLA leave, Plaintiff was frequently assigned difficult tasks and work assignments in retaliation for seeking FMLA leave.

14. Frequently, throughout the past ten years, Plaintiff sought reasonable accommodations to perform his job but Defendants have routinely refused Plaintiff's request for these accommodation.

15. In December 2009, Plaintiff returned to work after an extended medical leave.

16. Plaintiff returned to work with restrictions that limited the amount of time he could work and the degree of physical exertion in which he could engage.

17. Defendants ignored Plaintiff's restrictions and limitations, and refused to provide Plaintiff with the requested accommodations.

18. In fact, Defendants purposefully assigned work to Plaintiff and scheduled Plaintiff to work, in a manner that was in retaliation for taking medical leave, and in a manner that discriminated against Plaintiff on account of his disabilities, as such are defined in the ADA and the PWDCRA.

19. Defendants CADON and ENSIGN terminated Plaintiff on or about February 26, 2010.

20. On or about March 15, 2010 Plaintiff filed a charge of ADA discrimination with the Equal Employment Opportunity Commission ("EEOC").

21. On or about September 7, 2010, the EEOC issued a cause determination in favor of Plaintiff.

22. On October September 27, 2010, Plaintiff received a notice of right to sue from the EEOC.

23. Plaintiff has brought this action within 90 days of receiving his notice of right to sue.

## COUNT I

## FAMILY AND MEDICAL LEAVE ACT
### (All Defendants)

24. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

25. Defendant CADON, Plaintiff's employer, is a private sector employer who employs 50 or more employees within a 75 mile radius for at least 20 work weeks in the current or preceding year and is engaged in an activity affecting commerce.

26. At the time of the incidents relevant to this action, Plaintiff was employed by Defendant CADON at its location in Wyandotte, Michigan.

27. More than 50 employees work in Defendant CADON's location in Wyandotte, Michigan.

28. Plaintiff has worked for Defendant since November 4, 1989 and Plaintiff had worked for more than 1250 hours in the 12 months preceding his most recent request for medical leave.

29. Prior to his termination, Plaintiff requested protected medical leave under the FMLA due to Plaintiff's own serious health condition.

30. Plaintiff suffers from heart disease.

31. Plaintiff's heart disease incapacitated him for a period of time, but Plaintiff was able to obtain his doctor's permission to return to work, albeit with restrictions.

32. On or about December 14, 2009, Plaintiff was informed by Defendant ENSIGN that despite his approved medical leave, his absences were being used against him for purposes of administering the Defendant's attendance policies.

33. From December 14, 2009 until his ultimate discharge, Defendant ENSIGN assigned additional responsibilities to Plaintiff.

34. On or about February 26, 2010, Plaintiff was informed by Defendant ENSIGN that he was being terminated for violation of the Defendant's attendance policies.

35. Plaintiff alleges and asserts that such treatment of Plaintiff by Defendants was done willfully and intentionally and was unlawful pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C.A. §§ 2614 - 2615).

36. Plaintiff alleges and asserts that Plaintiff's termination was discriminatory since such termination was based on Plaintiff's use of his protected medical leave rights under the Family and Medical Leave Act.

37. As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, together with symptoms and discomfort.

38. Defendants committed the acts described in this complaint oppressively, fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest on such sum at the statutory rate.

b. Punitive damages.

    c.    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate.

    d.    Attorney's fees, expert witness fees, and costs of this action and such other relief as this Court may deem just and proper.

## COUNT II

## FMLA - RETALIATION
### (All Defendants)

39. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

40. Defendants retaliated against Plaintiff for exercising his FMLA rights and for having complained about Defendants' discriminatory and illegal employment practices described above, in violation of the FMLA.

41. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

42. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

    WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

    a.    Statutory damages for lost wages, benefits, and other compensation, plus interest on such sum at the statutory rate.

    b.    Punitive damages.

    c.    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate.

    d.    Attorney's fees, expert witness fees, and costs of this action; and

    e.     such other relief as this Court may deem just and proper.

## COUNT III

## AMERICANS WITH DISABILITIES ACT
### (Defendant Employer)

43.    Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

44.    The above acts by the Defendants have discriminated against Plaintiff as a qualified individual with a disability by:

    a.     Limiting and classifying Plaintiff to and in a demoted position which adversely affected his job opportunities and status because of his disability, and

    b.     Refusing to reasonably accommodate Plaintiff while other employees who were not considered disabled by Defendants were afforded more favorable work and/or accommodations; and

    c.     Terminating Plaintiff's employment while other employees who were not considered disabled by Defendants were not terminated under same or similar circumstances.

45.    Plaintiff is a "qualified individual with a disability" as that term is defined in 42 USC 12111(8).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a.     Compensatory damages for lost wages, benefits, and other compensation, plus interest on such sum at the statutory rate.

    b.     Punitive damages.

    c.     Equitable relief in the form of reinstatement or front pay, as the court deems appropriate.

    d.      Attorney's fees, expert witness fees, and costs of this action and such other relief as this Court may deem just and proper.

    e.      For such further relief that this Honorable Court deems just and equitable.

## COUNT IV

### ADA - RETALIATION
### (Defendant Employer)

46.    Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

47.    Among other things, Plaintiff's prior requests for medical leave and complaints about being assigned work outside of the scope of his work restrictions constitute activity protected under the ADA.

48.    Defendants have retaliated against Plaintiff for engaging in the aforementioned protected activity in further violation of the act.

49.    As a direct and proximate result of Defendants' unlawful actions against Plaintiff has described, Plaintiff has suffered injuries and damages, including but not limited to, loss of earnings, earning capacity and fringe benefits, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a.      Compensatory damages for lost wages, benefits, and other compensation, plus interest on such sum at the statutory rate.

    b.      Punitive damages.

    c.      Equitable relief in the form of reinstatement or front pay, as the court deems appropriate.

d. Attorney's fees, expert witness fees, and costs of this action and such other relief as this Court may deem just and proper.

e. For such further relief that this Honorable Court deems just and equitable.

## COUNT V

### MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### (All Defendants)

50. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

51. Plaintiff is an employee as defined in MCL 37.1201(a).

52. Defendants are employers as defined in MCL 37.1201(b).

53. Plaintiff suffers the disability of heart disease.

54. Defendants engaged in the following prohibited practices:

    a. Failing or refusing to hire, recruit, or promote an individual because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position.

    b. Disciplining, suspending, discharging or otherwise discriminating against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position.

    c. Limiting, segregating, or classifying an employee or applicant for employment in a way which deprives or tends to deprive an individual of employment opportunities or otherwise adversely affects the status of an employee because of a disability or

    genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position.

  d. Failing or refusing to hire, recruit, or promote an individual on the basis of physical or mental examinations that are not directly related to the requirements of the specific job.

  e. Discharging or taking other discriminatory action against an individual on the basis of physical or mental examinations that are not directly related to the requirements of the specific job.

  f. Failing or refusing to hire, recruit, or promote an individual when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job.

  g. Discharging or taking other discriminatory action against an individual when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job.

55. As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort.

56. Defendants committed the acts described in this complaint oppressively, fraudulently, and maliciously, entitling Plaintiff to an award of exemplary and/or punitive damages.

  WHEREFORE, Plaintiff requests judgment against Defendants as follows:

  a. Compensatory damages for lost wages, benefits, and other compensation, as well as for non-economic damages, plus interest on such sum at the statutory rate.

  b. Exemplary and/or punitive damages.

    c.    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate.

    d.    Attorney's fees, expert witness fees, and costs of this action and such other relief as this Court may deem just and proper.

    e.    For such further relief that this Honorable Court deems just and equitable.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

57.    Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

58.    Defendants' conduct as outlined above was intentional.

59.    Defendants' conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

60.    Defendants' conduct as outlined above was for an ulterior motive or purpose.

61.    Defendants' conduct resulted in severe and serious emotional distress.

62.    Defendants, standing in a position of authority over Plaintiff, acted with the intent to damage Plaintiff and to cause Plaintiff severe emotional and physical distress.

63.    As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in the manner outlined above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants in whatever sum to which Plaintiff is deemed entitled, together with costs, interest, and attorney fees.

## COUNT VIII

## CIVIL CONSPIRACY
## (All Defendants)

64.     Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

65.     Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of discriminating and retaliating against Plaintiff.

66.     Defendants, in combination, conspired to deny Plaintiff the terms, conditions and benefits of employment enjoyed by non-disabled employees of Defendant CADON and employees who did not utilize FMLA protected leave or suffer from disabilities.

67.     This conspiracy resulted in the unlawful discrimination and retaliation described herein.

[the remainder of this page is intentionally left blank]

68. As a result of the conspiracy and Defendants' wrongful conduct, Plaintiff has suffered injuries and damages, including but not limited to, loss of earnings, earning capacity and fringe benefits, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants in whatever sum to Plaintiff is deemed entitled, together with costs, interest, and attorney fees.

**JURY DEMAND**

Plaintiff requests a jury trial in the above entitled cause.

Respectfully submitted,

DILLON & DILLON, P.L.C.

BY: /s/ Paul J. Dillon

Paul J. Dillon (P46913)
Attorney for Plaintiff
9429 S. Main Street
Plymouth, MI 48170
(734) 455-9000
Office@ddplc.net

December 23, 2010