UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN DEMYANOVICH,

    Plaintiff,

vs.                                                                                                          Case No. 10-15119

CADON PLATING & COATINGS, LLC, a Michigan                HON. AVERN COHN
limited liability company, 3715 11TH STREET CORP.,
a Michigan corporation d/b/a CADON PLATING COMPANY,
AL ENSIGN, an individual,

    Defendants.

_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO SUBSTITUTE PARTIES (Doc. 59)**

**DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY (Doc. 61) AND
DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY FILED RESPONSE
TO MOTION TO DISMISS (Doc. 62)**

**AND DISMISSING CASE**

## I. INTRODUCTION

This is an employment discrimination case based on the Family and Medical Leave Act and the Americans with Disabilities Act. In his Complaint, Alan Demyanovich (Plaintiff) said that his employer, Cadon Plating and Coatings, and his supervisor, Al Ensign (collectively, Defendants), discriminated against him by denying him medical leave, retaliated against him by giving him discriminatory work assignments, and ultimately terminated him (Doc. 1).

The Court granted Defendants' Motion for Summary Judgment. (Doc. 46) Plaintiff

1

appealed. Plaintiff passed away on December 17, 2013 during the pendency of the appeal. The Court of Appeals for the Sixth Circuit later reversed the dismissal. (Doc. 53)

Now before the Court are three interrelated motions concerning the effort to substitute Plaintiff's wife, Stephanie Demyanovich (Mrs. Demyanovich), as Plaintiff's personal representative in the action. For the following reasons, Defendants' Motion to Dismiss for Failure to Timely Substitute Parties (Doc. 59) is GRANTED; Plaintiff's Motion to Substitute Party (Doc. 61) and Defendants' Motion to Strike Plaintiff's Untimely Filed Response to Motion to Dismiss (Doc. 62) are DENIED.

## II. BACKGROUND

### A.

Because the Court described the facts related to the underlying employment discrimination claim in its Memorandum and Order Granting Defendants' Motion for Summary Judgment (Doc. 46), they are not repeated here.

### B.

Because the time line of relevant events is of the essence in considering the motion, it is described in detail:

- December 4, 2012    Memorandum and Order Granting Defendants' Motion for Summary Judgment and Dismissing Case (Doc. 46)
- January 2, 2013     Plaintiff filed a Notice of Appeal (Doc. 50)
- December 17, 2013   Plaintiff passed away
- March 28, 2014      Court of Appeals for the Sixth Circuit reversed the December 4, 2012 dismissal (Doc. 53)
- April 25, 2014      Defendants filed a Suggestion of Death (Doc. 55)
- May 12, 2014        Status conference during which Plaintiff's legal counsel

|   |   |   |
|---|---|---|
|   |   | represented that he would file a motion to substitute within two weeks |
| ● | June 3, 2014 | Mrs. Demyanovich opened probate estate on behalf of Plaintiff |
| ● | July 24, 2014 | Ninety (90) days after Defendants filed Suggestion of Death—Deadline for Plaintiff to file a motion to substitute under Fed. R. Civ. P. 25(a) |
| ● | August 15, 2014 | Defendants filed Motion to Dismiss for Failure to Timely Substitute Parties (Doc. 59), 106 days after the Suggestion of Death was filed |
| ● | September 8, 2014 | Deadline for Plaintiff's Response to Defendants' Motion to Dismiss |
| ● | September 17, 2014 | Plaintiff filed Response to Defendants' Motion to Dismiss (Doc. 60) and Motion to Substitute (Doc. 61) |
| ● | October 1, 2014 | Defendants filed Motion to Strike Plaintiff's Untimely Filed Response |

### III. STANDARD OF REVIEW

Rule 25(a) of the Federal Rules of Civil Procedure sets forth the procedure to be followed when a party to litigation dies. The rule provides, in relevant part, as follows:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) . . .
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

Significantly, this rule "directs the court to dismiss the action if substitution is not made within that time." *Hofheimer v. McIntee*, 179 F.2d 789, 791 (7th Cir. 1950). This is a mandatory action to be taken by the court, and is not subject to or to be overridden by Rule 6(b), which provides courts discretion to extend time limits where there is a "fail[ure] to act because of excusable neglect." *See id.*; Fed. R. Civ. P. 6(b); *see also Wallace v. Novartis Pharm. Corp.*, 984 F. Supp. 2d 377, 383 (M.D. Pa. 2013) (noting that an attorney's "failure [to comply with Rule 25(a)] cannot be attributed to excusable neglect"). Rule 25(a) clearly states that, if a party fails to file a motion for substitution within the prescribed time, the case must be dismissed. *See Patrick v. Sharon Steel Corp.*, 549 F. Supp. 1259, 1268 (W.D. Va. 1982); *Hofheimer*, 179 F.2d at 791 ("Under this authoritative statement, the trial court had no recourse except to follow the mandate of the rule.").

## IV. DISCUSSION

Defendants argue that because Plaintiff failed to file a motion to substitute within the 90 days after the filing of the Suggestion of Death, Rule 25(a)(1) requires the Court to dismiss the action against them.[1] Defendants are correct.

Here, because the Suggestion of Death was filed on April 25, 2014, the 90-day cutoff

---

[1] As a threshold matter, Defendants, in their Motion to Strike Plaintiff's Untimely Response to its Motion to Dismiss (Doc. 62), argue that Plaintiff's response, filed on September 17, 2014, was untimely and must therefore be stricken. Defendants are correct to point out that Plaintiff filed his Response late: Defendants filed their Motion to Dismiss on August 15, 2014. Under Local Rule 7.1, a response must be filed within 21 days after service. Adding three days for electronic service, Plaintiff's Response was due on September 8, 2014. Plaintiff never moved for an extension of time, nor offered any explanation for the untimeliness. Defendants argue that Plaintiff's brief must be stricken or, in the alternative, that the Court should refuse to consider its arguments. However, because Defendants' argument is dispositive of this case, whether Plaintiff's brief must be stricken is of no consequence.

4

for filing a motion to substitute was July 24, 2014. Defendants filed their Motion to Dismiss on August 15, 2014, 106 days after filing the Suggestion of Death. Mrs. Demyanovich did not move for substitution until September 17, 2014—more than six weeks after the 90-day filing deadline. Rule 25(a)(1) and the case law interpreting it are clear that dismissal is therefore required.

In response, Plaintiff says that because Defendants did not serve the Suggestion of Death on Plaintiff's legal heirs, the filing deadline set forth in Rule 25(a)(1) never began to run. Specifically, Plaintiff argues that Defendants' service of the Suggestion of Death was in adequate because Mrs. Demyanovich, as the Plaintiff's "successor or representative," was not served according to Rule 4 for "nonparties."

In support, Plaintiff relies on *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985), in which the plaintiff, the personal representative of her deceased husband, was not served with notice of the death, and subsequently failed to move for substitution within the 90 days provided under Rule 25(a)(1). The court held that the plaintiff was "nonparty" under Rule 25(a)(1), requiring service in compliance with Rule 4. Therefore, the 90-day substitution period had never began to run, and the plaintiff's motion to substitute was therefore timely filed:

> As the suggestion of death is served in the same manner as the motion to substitute, a party may be served through his attorney, Fed.R.Civ.P. 5(b), but nonparties must be personally served. Fed.R.Civ.P. 4(d)(1).
>
> The nonparties for whom Rules 25(a)(1) and 4(d)(1) mandate personal service are evidently the "successors or representatives of the deceased party." This conclusion follows both from the language of Rule 25(a)(1), which refers to no other nonparties, and from the rule's underlying policies. . . .

*Id.* at 962.

Although Plaintiff argues that *Fariss* should control, the facts of the present case are distinguishable. Here, unlike in *Fariss*, at the time Defendants filed the Suggestion of Death, no personal representative had been appointed for Plaintiff. It was not until June 3, 2014, that an estate was opened and Mrs. Demyanovich was named his personal representative. Indeed, *Fariss* was expressly limited to cases where a personal representative *had already been named*. *See* 769 F.2d at 961 ("Where, as here, a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative."). Further, as Defendants argue, it would be inappropriate to require Defendants to serve the Suggestion of Death on Plaintiff's undetermined heirs, when no personal representative was named until more than a month later. *See, e.g., Steward v. City of New York*, No. 04-CV-1508 CBA RML, 2007 WL 2693667, at n.2 (E.D.N.Y. Sept. 10, 2007) ("Indeed, it would make no sense to burden defendants with the obligation of identifying and serving a deceased plaintiff's heirs, especially where, as here, the plaintiff died intestate.")

In addition, the purpose of Rule 25(a)(1) is "to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party." *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 599 (D. Kan. 2000). With this view, the present case falls outside Rule 25(a)(1)'s intended scope. To begin, it was Defendants—the party to be protected by Rule 25(a)(1) in the event of Plaintiff's death—that filed the Suggestion of Death. Nor can Mrs. Demyanovich claim that she never learned of Plaintiff's death within the period for filing a motion to substitute, as she was named his personal representative nearly two months before the 90-day deadline. And although Plaintiff's legal counsel apparently did not represent Mrs. Demyanovich at the time of her husband's death, it did

6

represent Mrs. Demyanovich in the administration of Plaintiff's estate (See Doc. 60 Ex. B). This occurred after the status conference in which Plaintiff's legal counsel represented that he would move the court to substitute once a personal representative had been appointed.

Finally, it should be noted that although Rule 25(a)(1) is a mandatory rule providing the Court no discretion to extend the time for filing where there is "excusable neglect," *see* Part III, *infra*, Plaintiff offers no explanation or excuse for the failure to timely file a motion for substitution. Instead, Plaintiff argues only that Defendants' service was insufficient. As explained above, this argument is without merit.

## V. CONCLUSION

For the reasons stated above, Defendants' service of the Suggestion of Death was proper, triggering the 90-day time period under Rule 25(a)(1) and requiring that Mrs. Demyanovich file her motion to substitute on or before July 24, 2014. Because no motion to substitute was filed until September 17, 2014, Rule 25(a)(1) requires dismissal. This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 17, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 17, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160